UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| R.S. BASSMAN, Derivatively on Behalf of FREDDIE MAC a/k/a Federal Home Loan Mortgage Corporation and its shareholders,<br><br>    Plaintiff,<br><br>  v.<br><br>RICHARD F. SYRON, et al.,<br><br>    Defendants,<br><br>  and<br><br>FREDDIE MAC a/k/a Federal Home Loan Mortgage Corporation,<br><br>    Nominal Defendant. | Case No. 08-cv-2423-BSJ-JCF |
| ESTHER SADOWSKY TESTAMENTARY TRUST, Derivatively on Behalf of FREDDIE MAC a/k/a Federal Home Loan Mortgage Corporation and its shareholders,<br><br>    Plaintiff,<br><br>  v.<br><br>RICHARD F. SYRON, et al.,<br><br>    Defendants,<br><br>  and<br><br>FREDDIE MAC a/k/a Federal Home Loan Mortgage Corporation,<br><br>    Nominal Defendant. | Case No. 08-cv-5221-BSJ-JCF |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF BASSMAN'S MOTION
TO CONSOLIDATE RELATED CASES AND FOR ENTRY OF
PROPOSED CASE MANAGEMENT ORDER**

777347.1

## TABLE OF CONTENTS

                                              **Page**

PRELIMINARY STATEMENT ............................................................................................... 1

STATEMENT OF FACTS AND PROCEDURAL HISTORY ...................................................... 1

ARGUMENT ............................................................................................................................ 3

    I.     These Related Cases Should Be Consolidated ........................................................ 3

    II.    The Court Should Enter Proposed Pretrial Order No. 1. ......................................... 5

    III.   Plaintiff Bassman's Counsel Should Be Appointed As Co-Lead Counsel, And Lieff Cabraser Heimann & Bernstein, LLP As Liaison Counsel ................... 6

         A.    Plaintiff Bassman's Counsel Have Submitted Detailed And Thorough Pleadings, And Have Vigorously Prosecuted The Underlying Claims. ............................................................................. 7

         B.    Plaintiff Bassman's Counsel Are All More Than Capable Of Prosecuting The Underlying Claims. .......................................................... 8

CONCLUSION ........................................................................................................................ 10

777347.1

## TABLE OF AUTHORITIES

Page

### CASES

*Devlin v. Transp. Communications Int'l*,
    175 F.3d 121 (2d Cir. 1999) .................................................................................. 4

*In re Comverse Technology, Inc. Deriv. Litig.*,
    No. 06 Civ. 1849, 2006 WL 3761986 (E.D.N.Y. Sept. 22, 2006) .......................... 6

*Johnson v. Celotex Corp.*,
    899 F.2d 1281 (2d Cir. 1990) ............................................................................. 2, 4

*MacAlister v. Guterma*,
    263 F.2d 65 (2d Cir. 1958) ................................................................................. 4, 6

*Primavera Familienstiftung v. Askin*,
    173 F.R.D. 115 (S.D.N.Y. 1997) ............................................................................ 4

*Schoers v. Pfizer, Inc.*,
    2001 WL 64742 (S.D.N.Y. Jan. 24, 2001) ............................................................. 5

### STATUTES

28 U.S.C. § 1404(a) ........................................................................................................ 2

### RULES

Fed. R. Civ. P.
    16 .............................................................................................................................. 2
    23.1 ........................................................................................................................... 6
    26(f) .......................................................................................................................... 2
    30(b)(6) .................................................................................................................... 3
    42(a) ............................................................................................................... 1, 4, 5

### TREATISES

Manual for Complex Litigation, Fourth,
    § 22.6 ................................................................................................................... 5, 6

Wright and Miller,
    *Fed. Prac. & Proc.: Civil 2d* § 2381 (1996) .......................................................... 4

**PRELIMINARY STATEMENT**

Plaintiff R. S. Bassman ("Plaintiff Bassman") hereby respectfully moves for consolidation of the above-captioned related cases pursuant to Fed. R. Civ. P. 42(a), and for entry of the proposed Pretrial Order No. 1 governing the management of this litigation going forwards. Consolidation of these and any future related cases would promote efficiency, avoid duplication of effort, and minimize costs without any corresponding prejudice, and is therefore appropriate.

**STATEMENT OF FACTS AND PROCEDURAL HISTORY**

The first of these related shareholder derivative actions was filed by Plaintiff Bassman on March 10, 2008 (the "Bassman Action"), asserting claims for, *inter alia*, breach of fiduciary duty, negligence, unjust enrichment, and violations of the Sarbanes-Oxley Act against a number of the senior officers and directors of Freddie Mac, as well as aiding and abetting, breach of contract, breach of warranty, and/or conspiracy against PwC, Countrywide (and several of its subsidiaries and/or affiliates), WaMu, First American Corporation ("First American"), First American eAppraiseIT ("eAppraiseIT"), LandSafe, Inc. ("LSI"), and several of these entities' senior officers. *See* Complaint, *Bassman v. Syron, et al.*, No. 1:08-cv-02423-BSJ-JCF (S.D.N.Y.), filed March 10, 2008 ("Compl."), ¶¶ 92-140. The Bassman Action was filed after ninety days had elapsed from the time Plaintiff Bassman made a written demand on Freddie Mac's Board of Directors (the "Board") to take action, *inter alia*, to recoup the losses to the Company that are the basis of this litigation. *Id.*, ¶ 5. The Board failed to respond to Plaintiff's demand. *Id.*

On June 6, 2008, a second shareholder derivative complaint was filed on behalf of Freddie Mac in this District, captioned *Esther Sadowsky Testamentary Trust v. Syron, et al.*, No. 1:08-cv-05221-BSJ-JCF (S.D.N.Y.) (the "Related Action"). The Related Action asserts claims for breach of fiduciary duty and indemnification against a number of the same defendants as the Bassman Action. *See* Complaint, *Esther Sadowsky Testamentary Trust v. Syron, et al.*, No. 1:08-cv-05221-BSJ-JCF (S.D.N.Y.), filed June 6, 2008 ("Related Compl."), ¶¶ 10-25. The

Related Action does not name several of the corporate aiders and abettors named in the Bassman Action (such as WaMu and Countrywide), and names several additional individual defendants, including Freddie Mac's former Chief Financial Officer Martin Baumann ("Baumann") and Freddie Mac Directors Michelle Engler ("Engler"), Thomas S. Johnson ("Johnson"), and Nicholas P. Retsinas ("Retsinas"), who were not individually named in the Bassman Action. *See id.* The operative facts of the Related Action with respect to Freddie Mac are substantially the same as, and are largely overlapped by, those alleged in the Bassman Action. Indeed, the Related Action was "accepted as related" to the Bassman Action, and accordingly was assigned to this Court. *See* Notice of Assignment, *Esther Sadowsky Testamentary Trust v. Syron, et al.*, No. 1:08-cv-05221-BSJ-JCF (S.D.N.Y.), June 26, 2008 [Docket No. 2]. To date, there has been no activity in the Related Action other than its assignment to this Court. There is, in fact, no indication in the docket that the complaint filed in the Related Action has yet been served on any defendant.

On June 16, 2008, Freddie Mac filed a Motion to Transfer or Stay the Bassman Action ("Motion to Transfer or Stay") [Docket Nos. 11-14], arguing that the Bassman Action should be transferred to the Eastern District of Virginia under 28 U.S.C. § 1404(a) or, in the alternative, stayed pending completion of a purportedly ongoing investigation by a special litigation committee ("SLC") appointed by the Board. The Motion to Transfer or Stay was silent as to the Related Action pending in this District.

Throughout late June and into July 2008, the parties to the Bassman Action met and conferred over a number of matters, including the schedule for briefing Freddie Mac's Motion to Transfer or Stay, whether any discovery would be taken in connection with that motion, whether the Court should enter a scheduling order pursuant to Fed. R. Civ. P. 16 governing these issues, and the extent of the parties' current obligations under Fed. R. Civ. P. 26(f). After failing to reach accord during several weeks of meet and confers with Defendants and the Company over these issues, Plaintiff Bassman submitted a Rule 26(f) Report and Proposed Scheduling Order to

the Court, on his own behalf, on the day that report was due under the federal rules.  *See* Letter to the Hon. James C. Francis by Daniel P. Chiplock, filed July 17, 2008 [Docket No. 38].

In a telephonic hearing on July 17, 2008 attended by counsel for all parties to the Bassman Action, the Court exercised its discretion to set aside a Rule 16 pretrial schedule at this time, and instead ordered the parties to separately brief the issue of whether Plaintiff Bassman should be permitted to take discovery in connection with Freddie Mac's Motion to Transfer or Stay.  In that same hearing, the Court designated Daniel P. Chiplock of Lieff Cabraser Heimann & Bernstein, LLP as liaison counsel for the plaintiff's side, pending the entry of any order formally designating the structure and management of this and any related litigation.

On August 1, 2008, Plaintiff Bassman filed his Application to Take Discovery, and, In the Alternative, Opposition to Nominal Defendant Freddie Mac's Motion to Transfer or Stay ("Plaintiff's Discovery Application/Opposition"), which attached proposed interrogatories and deposition notices under Fed. R. Civ. P. 30(b)(6) [Docket Nos. 40-41].  In his brief, Plaintiff Bassman argued that, although the Court has discretion to authorize discovery testing the bases for Freddie Mac's assertions that either a transfer or a stay of the Bassman Action is warranted, the facts and law at issue also warrant denial of Freddie Mac's Motion to Transfer or Stay without any discovery.  Freddie Mac's response to Plaintiff's Discovery Application/Opposition is due August 22, 2008, and Plaintiff Bassman's reply (if any) is due September 3, 2008.  *See* Order, July 17, 2008 [Docket No. 39].

## ARGUMENT

### I.      These Related Cases Should Be Consolidated.

The Bassman Action and the Related Action involve common questions of law and fact related to Freddie Mac's stunning financial decline over the past twelve months – indeed, the questions of law and fact raised in Related Action are almost entirely overlapped by those raised in the Bassman Action.  Both actions seek to recoup, on behalf of the Company, Freddie Mac's losses from the individuals responsible for that decline.  For these and for the reasons set forth below, consolidation of these actions is appropriate.

Rule 42(a) of the Federal Rules of Civil Procedure provides: "When actions involving a common question of law or fact are pending before the court . . . it may order all the actions consolidated . . . " The rule is intended "to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." Wright and Miller, *Fed. Prac. & Proc.: Civil 2d* § 2381 (1996).

Courts "have taken the view that considerations of judicial economy favor consolidation." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990). Consolidation should be considered "when savings of expense and gains of efficiency can be accomplished without sacrifice of justice." *Devlin v. Transp. Communications Int'l*, 175 F.3d 121, 130 (2d Cir. 1999) (internal quotations omitted). However, "[s]o long as any confusion or prejudice does not outweigh efficiency concerns, consolidation will generally be appropriate." *Primavera Familienstiftung v. Askin*, 173 F.R.D. 115, 129 (S.D.N.Y. 1997). The Second Circuit has previously held that the "benefits achieved by consolidation" of shareholder derivative cases "and the appointment of general counsel, i.e., elimination of duplication and repetition and in effect the creation of a coordinator of diffuse plaintiffs through whom motions and discovery proceedings will be channeled, will most certainly redound to the benefit of all parties to the litigation." *MacAlister v. Guterma*, 263 F.2d 65, 69 (2d Cir. 1958).

The above-captioned related shareholder derivative actions involve common questions of law and fact. *See* Fed. R. Civ. P. 42(a). Both complaints are premised on the facts described above and assert claims, at a minimum, for breaches of fiduciary duty by the Company's senior officers and directors. Any discovery to be taken in the Related Action would be entirely overlapped by that in the Bassman Action. Consolidating these cases accordingly will conserve judicial resources, avoid duplication of effort, allow the actions to proceed in a manner that is less costly to the parties (a concern that is particularly relevant in a shareholder derivative context, where the litigation is being undertaken for the Nominal Defendant's benefit), and make them more judicially manageable. Given the absence of any activity in the Related Action to

date, consolidation cannot be said to pose a risk of confusion or prejudice in that action. Indeed, far from prejudicing any of the parties, consolidation would actually serve to protect the interests of both plaintiffs in these actions and (particularly from a cost perspective) the Company itself, on whose behalf these cases have been initiated. Furthermore, any shareholder derivative actions filed in this District on behalf of Nominal Defendant Freddie Mac in the future that raise similar questions of law or fact should also be consolidated with these related cases. *See, e.g., Schoers v. Pfizer, Inc.*, 2001 WL 64742, at *2 (S.D.N.Y. Jan. 24, 2001) (holding that "[a]ny other actions now pending or later filed in this district which arise out of or are related to the same facts as alleged in the above-identified cases shall be consolidated for all purposes.")

Under the provisions of Rule 42(a), therefore, and in the interests of judicial efficiency and economy, these related actions should be consolidated for all purposes.

## II.     The Court Should Enter Proposed Pretrial Order No. 1.

When "responsibility for numerous related cases pending in the federal courts is centralized early with a single judge, active case management is imperative." MANUAL FOR COMPLEX LITIGATION, FOURTH, § 22.6. "An initial case-management order will set the stage for the ongoing management process." *Id.* Plaintiff Bassman has submitted a proposed case management order that fulfills this function. *See* [Proposed] Pretrial Order No. 1 (attached).

[Proposed] Pretrial Order No. 1 directs the consolidation of these related cases, and indicates that all pleadings and other filings should bear the caption, "In re Freddie Mac Shareholder Derivative Litigation," and should bear the civil number 08-cv-2423-BSJ-JCF. *See id*. The proposed order also provides that the complaint filed in the Bassman Action will be the operative complaint in this consolidated action until such time as any amended complaint is filed, and that any future-filed or transferred cases in this District that involve the same or substantially similar issues of law and fact should also be consolidated with this action. *Id.* The proposed order also provides that the pleading schedule already entered by the Court in the Bassman Action will apply to the consolidated litigation. *Id.* Lastly, as discussed further below,

the proposed order provides for a leadership structure for all derivative plaintiffs' counsel in this consolidated action. *Id.*

Accordingly, [Proposed] Pretrial Order No. 1 merits entry at this time as a means for organizing the management of this consolidated litigation going forwards. *See* MANUAL FOR COMPLEX LITIGATION, FOURTH, § 22.6 (discussing the areas to be covered by an initial case management order, including, *inter alia*, "organiz[ing] the cases and counsel.")

### III.  Plaintiff Bassman's Counsel Should Be Appointed As Co-Lead Counsel, And Lieff Cabraser Heimann & Bernstein, LLP As Liaison Counsel.

As stated above, [Proposed ] Pretrial Order No. 1 provides for a leadership structure for all derivative plaintiffs' counsel in this consolidated action. The proposed leadership structure is for Plaintiff Bassman's choice of counsel – Lieff Cabraser Heimann & Bernstein, LLP ("Lieff Cabraser"), Greenfield & Goodman, LLC, and Cuneo, Gilbert & La Duca, LLP (collectively, "Plaintiff Bassman's Counsel") – to serve as co-lead counsel for all derivative plaintiffs, with Lieff Cabraser acting as liaison counsel. For the reasons set forth below, this proposed leadership structure merits the Court's approval.

Shareholder derivative actions are governed by Rule 23.1 of the Federal Rules of Civil Procedure. That rule contains no provision for the appointment of lead counsel. *See* Fed. R. Civ. P. 23.1. Nonetheless, courts have the discretion to appoint lead counsel for such actions, and have routinely done so. *See, e.g., MacAlister*, 263 F.2d at 69; *In re Comverse Technology, Inc. Deriv. Litig.*, No. 06 Civ. 1849, 2006 WL 3761986 (E.D.N.Y. Sept. 22, 2006); *Bernstein v. Presidential Life Corp.*, No. 92 Civ. 6968, 1993 WL 43559 (S.D.N.Y. Feb. 10, 1993).

There is no statutory authority setting forth the criteria that a court must apply in appointing lead counsel in a consolidated shareholder derivative suit. *Comverse Technology*, 2006 WL 3761986 at * 2. When appointing lead counsel in consolidated shareholder derivative cases, therefore, courts in this circuit have considered a number of factors, including (1) the quality of the pleadings; (2) the vigorousness of the prosecution of the lawsuits; and (3) the capabilities of counsel. *Id.* at *2-*3. These factors, taken together as a whole, militate in favor

of appointing Plaintiff Bassman's Counsel as co-lead counsel in this consolidated action, with Lieff Cabraser also serving as liaison counsel.

### A. Plaintiff Bassman's Counsel Have Submitted Detailed And Thorough Pleadings, And Have Vigorously Prosecuted The Underlying Claims.

The quality of the pleadings submitted by Plaintiff Bassman's Counsel, as well as the vigorousness of their prosecution of this litigation, argue in favor of appointing them co-lead counsel for this consolidated action.

First, the Complaint filed in the Bassman Action is highly detailed and contains numerous claims for relief that are not asserted in the Related Action, including but not limited to claims for conspiracy and breach of warranty by several large corporations whose alleged acts substantially contributed to Freddie Mac's current financial predicament. *See* Compl., ¶¶ 97-100, 105-140. The Complaint also has identified and named a number of alleged conspirators and/or aiders and abettors of the damage caused to the Company who (a) have discoverable information central to the allegations in the Complaint and (b) have the resources to contribute substantially to any recovery obtained for the Company. *Id.* These additional defendants are not named in the Related Action.

Second, Plaintiff Bassman's Counsel has vigorously prosecuted this litigation. The Bassman Action was filed within days after the ninety-day waiting period under Virginia law (beginning from the date of Plaintiff's demand) had expired. *See* Compl., ¶ 5. The Related Action was not filed until nearly three months later. All Defendants have been served with the Complaint filed in the Bassman Action. To date, as set forth above, no affidavits of service have been filed in the Related Action. Additionally, as set forth above, Plaintiff Bassman's Counsel has conducted numerous meet and confers with Defendants and the Company regarding discovery and scheduling in this litigation, and has attended a hearing before the Court to discuss the same, during which time Lieff Cabraser was provisionally identified as liaison counsel for the derivative plaintiffs until such time as the actions could be formally consolidated. Plaintiff Bassman's Counsel has also filed a detailed memorandum of law in support of Plaintiff's

Discovery Application/Opposition, which was accompanied by interrogatories and deposition notices directed to the Company and counsel for the SLC. A schedule is also in place for further briefing in relation to the Motion to Transfer or Stay, and for Defendants' responses to the Complaint. *See* Order, July 17, 2008 [Docket No. 39]. No similar activity has happened to date in the Related Action.

For the reasons set forth above, the quality of the pleadings and the vigorousness of the prosecution of this litigation to date favors the appointment of Plaintiff Bassman's Counsel as co-lead counsel for the derivative plaintiffs.

### B.   Plaintiff Bassman's Counsel Are All More Than Capable Of Prosecuting The Underlying Claims.

Plaintiff Bassman's Counsel are all extremely accomplished firms who are well-qualified to lead this litigation.

Lieff Cabraser employs more than fifty attorneys, based in New York, San Francisco, and Nashville, who are entirely devoted to complex civil litigation on behalf of plaintiffs. Lieff Cabraser has served as Lead or Co-Lead counsel in numerous class actions and shareholder derivative suits, including (currently) *In re Broadcom Corp. Derivative Litigation*, Master File No. C-06-3252 R (C.D. Cal.), which is the largest active shareholder derivative case in the country involving backdated stock options. Since the firm's founding in 1972, Lieff Cabraser has obtained billions of dollars in recoveries for injured plaintiffs. Since 2003, the *National Law Journal* has selected Lieff Cabraser as one of the top plaintiffs' law firms in the nation. In compiling the list, the *National Law Journal* examined recent verdicts and settlements, in addition to overall track records. Lieff Cabraser is one of only two plaintiffs' law firms in the United States to have received this honor for the last five consecutive years. A copy of Lieff Cabraser's firm resume is submitted herewith as Exhibit A to the Declaration of Daniel P. Chiplock ("Chiplock Decl.").

Greenfield & Goodman, LLC, led by Richard D. Greenfield, is thoroughly experienced in banking, securities and consumer litigation, having served as Lead or Co-Lead Counsel for

plaintiffs in class actions brought on behalf of trust beneficiaries against major trustee-banks, in shareholder class and derivative actions alleging violations of the federal securities laws and/or breaches of corporate governance standards as well as in a wide variety of banking and consumer fraud cases.  As a direct result of the efforts of the firm and its predecessors, many millions of dollars have been recovered for defrauded shareholders and other persons injured by illegal corporate activities.  Mr. Greenfield has been a periodic member of the faculty of the Practising Law Institute ("PLI") and has participated as a lecturer and panelist most recently in the programs *New Trends in Securities Litigation* as well as PLI's *Securities Litigation Institute*.  A copy of Greenfield & Goodman, LLC's firm resume is submitted herewith as Exhibit B.  *See* Chiplock Decl., ¶ 3.

Cuneo, Gilbert & La Duca, LLP is a fourteen member law firm with offices in Washington, D.C., New York City, Maryland, and Los Angeles.  The firm represents a diverse array of clients—individuals, businesses, state and local governments, public interest organizations, unions, and others—in litigation and related matters brought before federal and state trial and appellate courts, the executive branch, government regulatory agencies, independent counsel, and Congress.  Many of the firm's cases are brought as class actions on behalf of thousands, even sometimes millions, of injured plaintiffs.  The firm's lawyers have worked in large international law firms, in high-caliber boutique law firms, on Congressional committee staffs, in the U.S. Department of Justice, in federal regulatory agencies, in public interest organizations, in legal academia, and in the public defender's office.  A copy of Cuneo, Gilbert & La Duca, LLP's firm resume is submitted herewith as Exhibit C.  *Id.*, ¶ 4.

As set forth above and in the attached resumes, Plaintiff Bassman's Counsel are each more than capable of prosecuting the underlying claims in this litigation.  Plaintiff Bassman therefore respectfully submits that the appointment of his counsel as co-lead counsel, and Lieff Cabraser as liaison counsel, will best serve the interests of all plaintiffs in this consolidated shareholder derivative litigation.

**CONCLUSION**

For the foregoing reasons, Plaintiff Bassman respectfully requests that the Court enter the attached [Proposed] Pretrial Order No. 1 consolidating these related actions and governing the management of this litigation going forwards.

Dated: August 8, 2008        By:        /s/ *Daniel P. Chiplock*
                                        Daniel P. Chiplock

LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
Steven E. Fineman (SF 8481)
Daniel P. Chiplock (DC 1137)
780 Third Avenue, 48th Floor
New York, NY 10017
(212) 355-9500

LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
Richard M. Heimann
275 Battery Street, 30th Floor
San Francisco, CA 94111
(415) 956-1000

CUNEO, GILBERT & LADUCA, LLP
Jonathan W. Cuneo (JC 1112)
Robert J. Cynkar (RC 5309)
David W. Stanley
507 C Street, N.E.
Washington, D.C. 20002
(202) 789-3960

GREENFIELD & GOODMAN, LLC
Richard D. Greenfield (RG 4046)
Marguerite R. Goodman
780 Third Avenue, 48th Floor
New York, New York 10017
(410) 320-5931

*Attorneys for Plaintiff Bassman*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE FREDDIE MAC SHAREHOLDER DERIVATIVE LITIGATION<br><br>This document relates to:<br><br>ALL CASES | Master File No.<br>08-cv-2423-BSJ-JCF |

**[PROPOSED] PRETRIAL ORDER NO. 1**
(Initial Case Management Order)

Having considered Plaintiff Bassman's Motion to Consolidate the above-captioned related cases, and the arguments submitted in support thereto, the Court ORDERS:

1.  Consolidation for All Purposes. The following cases pending in this district are consolidated for all purposes:

    *Bassman v. Syron, et al.*, No. 1:08-cv-02423-BSJ-JCF

    *Esther Sadowsky Testamentary Trust v. Syron, et al.*, No. 1:08-cv-05221-BSJ-JCF

    a.  Master Docket and File. Henceforth, the clerk will maintain a master docket and case file under the style "In re Freddie Mac Shareholder Derivative Litigation," Master File Number 08-cv-2423-BSJ-JCF. All orders, pleadings, motions and other documents will, when filed and docketed in the master case file, be deemed filed and docketed in each individual case to the extent applicable.

    b.  Captions; Separate Filing. Orders, pleadings, motions, and other documents will bear a caption similar to that of this order. If generally applicable to all consolidated actions, they shall include in their caption the notation that they relate to "ALL CASES" and be filed and docketed only in the master file. Documents intended to

apply only to particular cases will indicate in their caption the case number of the case(s) to which they apply, and should be filed and docketed both in the master case file and the specified individual case files.

   c. <u>Discovery Requests and Responses.</u>  Pursuant to Fed. R. Civ. P. 5(d), discovery requests and responses will not be filed with the court except when specifically ordered by the court or to the extent offered in connection with a motion.

   2. <u>Organization of Counsel.</u>  The Court designates the following firms to act on behalf of all Plaintiffs, with the responsibilities hereinafter described:

> <u>As Co-Lead Counsel:</u>
>
> Lieff, Cabraser, Heimann & Bernstein, LLP
>
> Greenfield & Goodman, LLC
>
> Cuneo, Gilbert & La Duca, LLP
>
> <u>As Liaison Counsel:</u>
>
> Lieff, Cabraser, Heimann & Bernstein, LLP

   a. Co-Lead Counsel shall have sole authority over the following matters on behalf of all Plaintiffs: (a) the initiation, response, scheduling, briefing and argument of all motions; (b) the scope, order and conduct of all discovery proceedings; (c) such work assignments to other Plaintiffs' counsel as they may deem appropriate; (d) the retention of experts; (e) designation of which attorneys may appear at hearings and conferences with the Court; (f) the timing and substance of any settlement negotiations with Defendants; and (g) other matters concerning the prosecution of or resolution of their respective cases.

    b. No motion shall be initiated or filed on behalf of any Plaintiff except through Co-Lead Counsel.

    c. Co-Lead Counsel shall have sole authority to communicate with Defendants' counsel and the Court on behalf of all Plaintiffs unless that authority is expressly delegated to other counsel. Defendants' counsel may rely on all agreements made with Co-Lead Counsel, and such agreements shall be binding on all other Plaintiffs' counsel.

    d. Liaison Counsel shall be available and responsible for communications to and from the Court, the coordination of all appearances on behalf of Plaintiffs and the dissemination of notices and orders of the Court.

    e. <u>Time Records.</u> Counsel who anticipate seeking an award of attorney fees from the court shall comply with the following directives regarding the maintenance and filing of contemporaneous records reflecting the services performed and the expenses incurred.

      (1) <u>Maintenance of Contemporaneous Records.</u> All counsel shall keep a daily record of their time spent and expenses incurred in connection with this litigation, indicating with specificity the hours, location, and particular activity (such as "conduct of deposition of A.B."). The failure to maintain such records will be grounds for denying court-awarded attorney fees, as will an insufficient description of the activity (such as "research" or "review of correspondence").

  3. <u>Refinement of Issues.</u>

    a. <u>Pleadings.</u> The complaint filed in the *Bassman* action shall be the operative complaint for this consolidated action. Should Plaintiffs elect to amend their

complaint, Defendants' answers or motions in response thereto will be due either (a) forty-five (45) days after the filing of any such amended complaint or (b) at such time as Defendants' answers or responsive motions would have been due under the terms of the Court's Order dated July 17, 2008 with respect to the *Bassman* action, whichever is later. The terms of this paragraph do not otherwise alter the deadlines set forth in the Court's Order dated July 17, 2008, which will be deemed to apply to this consolidated action.

      b.    <u>Later Filed Cases.</u>  The terms of this order, including consolidation for all purposes, shall apply automatically to derivative actions later instituted in, removed to, or transferred to this Court (including cases transferred for pretrial purposes under 28 U.S.C. § 1407) that arise out of the same transactions and occurrences and involve the same or substantially similar issues of law and fact as the consolidated action.

Dated: August \_\_\_, 2008.

                                          JAMES C. FRANCIS IV
                                          UNITED STATES MAGISTRATE JUDGE