UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ESTHER SADOWSKY TESTAMENTARY TRUST, Derivatively on Behalf of Federal Home Loan Mortgage Corp., <br><br> Plaintiff, <br><br> v. <br><br> RICHARD R. SYRON, ANTHONY S. PISZEL, EUGENE M. McQUADE, MARTIN BAUMANN, BARBARA T. ALEXANDER, GEOFFREY T. BOISI, MICHELLE ENGLER, ROBERT R. GLAUBER, RICHARD KARL GOELTZ, SHAUN F. O'MALLEY, THOMAS S. JOHNSON, STEPHEN A. ROSS, WILLIAM M. LEWIS, JR., AND NICOLAS P. RETSINAS, <br><br> Defendants, <br><br> and <br><br> FEDERAL HOME LOAN MORTGAGE CORPORATION <br><br> Nominal Defendant. | 08 Civ. 05221 (BSJ) (JCF) |

### REPLY IN SUPPORT OF
### MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE

The Federal Housing Finance Agency ("FHFA" or "Conservator"), as Conservator of the Federal Home Loan Mortgage Corporation ("Freddie Mac"), hereby submits this reply in support of its motion for voluntary dismissal without prejudice. All current parties to this action have notified the Court that that they do not oppose the Conservator's motion. *See* Doc. # 106 (Director Defendants' non-opposition); Doc. # 108 (Officer Defendants' non-opposition). The lone opposition comes from the Esther Sadowsky Testamentary Trust ("Sadowsky" or "the Trust"), a shareholder of Freddie Mac and the former plaintiff in this action. Sadowsky has no standing to oppose the Conservator's motion. Moreover, this Court has already rejected each

argument Sadowsky makes in its opposition, and this Court's reasoning has since been followed by two other district courts and, most recently, the U.S. Court of Appeals for the Fourth Circuit.

Importantly, the companion consolidated shareholder derivative case, *In re: Federal Home Loan Mortgage Corp. Derivative Litigation*, No. 1:08cv773 (E.D. Va.), before the Honorable Leonie M. Brinkema of the United States District Court for the Eastern District of Virginia was dismissed without prejudice on April 20, 2011 on the same bases sought here, pursuant to 12 U.S.C. § 4617 and Va. Code §13.1-672.4. A copy of Judge Brinkema's Order is attached hereto as **Exhibit A**.

## I. Sadowsky Has No Standing to Oppose the Motion

Sadowsky's filing should be disregarded because Sadowsky is not a party and therefore has no right to insert itself into the briefing here. *See* Doc. # 110 (order setting deadline for "any party" to oppose motion to dismiss); *see also*, *e.g.*, *Dungan v. Acad. at Ivy Ridge*, No. 06cv0908, 2009 WL 2176278 (N.D.N.Y. July 21, 2009) (holding that "non-parties . . . do not have standing to oppose the motion for leave to amend. Accordingly, their papers in opposition to the motion have been disregarded.").

Sadowsky asserts that it "has standing to continue as plaintiff in this action" due to its continuing ownership of Freddie Mac stock. Opp. 7. This was the central argument asserted by Sadowsky in its opposition to the Conservator's substitution, (*see* Doc. # 46, pp. 7, 10-11; Doc. # 60, pp. 9, 13), which the Court considered and rejected:

> Plaintiff objects to the Magistrate Judge's Report on the grounds that Plaintiff has a continuing ownership interest in Freddie Mac and therefore has standing to bring this suit. The Court finds that under the plain language of HERA, "all rights, titles, powers, and privileges" of Freddie Mac's shareholders are now vested in the FHFA. 12 U.S.C. § 4617(b)(2)(A). These include the right to bring an action on Freddie Mac's behalf. . . . *[W]hatever economic interest the Trust retains does not entitle it to overcome or supplement the FHFA's rightful standing here*.

2

(Doc. # 75, available at *Esther Sadowsky Testamentary Trust v. Syron*, 639 F. Supp. 2d 347, 349-50 (S.D.N.Y. 2009) (emphasis added)).

Sadowsky offers no reason for the Court to reconsider its prior ruling that Sadowsky has no standing. Indeed, in the months since this Court held that the Conservator has succeeded to "***all*** rights, titles powers, and privileges" of Freddie Mac's shareholders, *id*. at 350 (emphasis added), several courts have expressly followed this Court's rationale to reject other shareholders' arguments that ongoing ownership of Freddie Mac or Fannie Mae stock provides the shareholder with standing to assert and control claims belonging to the Enterprises. *See In re Fed. Nat'l Mortg. Assoc. Securities, Derivative, & ERISA Litig.*, 629 F. Supp. 2d 1, 4 n.4 (D.D.C. 2009) ("*In re Fannie Mae*") ("Congress has determined that responsibility for deciding how to best preserve and conserve Fannie Mae's assets lies solely with FHFA for the conservatorship period. That plaintiffs may retain the beneficial ownership of their shares in Fannie Mae for the duration of the conservatorship does not compel a different result."); *In re: Fed. Home Loan Mortg. Corp. Deriv. Litig*., 643 F. Supp. 2d 790, 797 (E.D. Va. 2009) ("*In re Freddie Mac*") (rejecting the same residual rights argument and holding that the statutory "language clearly demonstrates Congressional intent to transfer as much control of Freddie Mac as possible to the FHFA, including any right to sue on behalf of the corporation") *aff'd* at *Louisiana Municipal Police Employees Retirement Sys. v. Federal Housing Finance Agency*, No. 09-1937, 2011 WL 1691998, *3 (4th Cir. May 5, 2011) ("[W]e conclude that the district court's analysis was correct. Accordingly, we affirm on the basis of the district court's well reasoned opinion.").

Sadowsky has been substituted out of the case and has no right to participate further in these proceedings. Accordingly, the Court may disregard Sadowsky's opposition not only based on the lack of new legal argument presented therein, but also based on Sadowsky's lack of legal standing to oppose the Conservator's motion.

3

**II.    Sadowsky's Opposition Merely Repeats Arguments Already Rejected by this Court**

If the Court were inclined to consider the substance of Sadowsky's opposition, it would find that Sadowsky merely regurgitates the arguments it previously asserted in opposition to the Conservator's motion to substitute as plaintiff. When the Court granted the Conservator's substitution motion, it considered and expressly rejected *each* of the arguments that Sadowsky reasserts here. Sadowsky's arguments still have no merit.

**A.    As the Court Has Ruled, the Conservator Has No Conflict of Interest**

Sadowsky opposes the voluntary motion to dismiss without prejudice because the Conservator supposedly has a conflict of interest that prevents it from assessing the claims fairly and objectively. This is the precise position Sadowsky took in its opposition to the Conservator's motion to substitute and its objections to Judge Francis's report and recommendation. (*See* Doc. # 46 p.14; Doc. # 60 pp. 17.) Magistrate Judge Francis rejected this argument, stating that because "the derivative suit is against former officers and directors . . . [and] there are no claims against any governmental agency," there is no conflict of interest that would preclude the Conservator from controlling these claims as plaintiff. (Doc. # 53, p.7.) Likewise, this Court rejected Sadowsky's conflict of interest argument:

> The oversight role played by the OFHEO [FHFA's predecessor agency] does not create the type of conflict discussed in *Delta Savings* [*v. United States*, 265 F.3d 1017 (9th Cir. 2001)], where the FDIC sought to step into a claim against a United States government agency with which it had close ties. Here, as the Magistrate Judge pointed out, 'the derivative suit is against former officers and directors for breaching their fiduciary duties and misrepresenting information; there are no claims against any governmental agency.' (Report at 7.) There is, therefore, no apparent conflict in the FHFA's substitution.

*Sadowsky*, 639 F. Supp. 2d at 351; *see also id*. at 351 ("In HERA, Congress did not intend that acts lying fully within the FHFA's discretion as Conservator of Freddie Mac would violate some

4

residual fiduciary duty owed to the shareholders. The shareholders' rights are now the FHFA's. There is, therefore, no conflict or fiduciary breach in its substitution into this case.").

Sadowsky's conflict of interest argument fares no better this third time around. As the Court previously observed, the claims at issue in this case do not place the Conservator in the position of suing another, closely related government agency or itself in a different capacity. Therefore, the Conservator has no conflict of interest and has the sole power and discretion to determine whether pursuit of these claims is in the best interests of Freddie Mac. Further, this Court's conclusion that the Conservator has no conflict of interest also has been followed by two district courts and, most recently, the U.S. Court of Appeals for the Fourth Circuit. *See In re Fannie Mae*, 629 F. Supp. 2d at 4 n.5 ("While courts have recognized an exception whereby a conflict between the conservator or receiver and the defendant saves a derivative plaintiff's standing, OFHEO is *not* a defendant here, and therefore this objection is without merit.") (emphasis in original) (internal citation omitted); *In re Freddie Mac*, 643 F. Supp. 2d at 798 ("These circumstances do not raise conflicts of interest similar to those in *First Hartford* and *Delta Savings*. . . . Given that a court should presume regularity by government agencies, it would be improper to presume a conflict of interest based on speculation that the FHFA is acting in bad faith.") (citing *Sadowsky*, 639 F. Supp. 2d at 349-50), *aff'd at Louisiana Municipal Police E.R.S.*, 2011 WL 1691998 at *3 ("[W]e conclude that the district court's analysis was correct. Accordingly, we affirm on the basis of the district court's well reasoned opinion.").

In support of this third iteration of its conflict of interest argument, Sadowsky points only to the fact that four FHFA attorneys sat on the Special Litigation Committee ("SLC") that investigated the claims at issue in this case. However, this fact actually demonstrates the SLC's independence and disinterestedness, not the presence of a conflict. In granting the substitution of the Conservator as plaintiff, the Court ruled that the Conservator is the only party with the power

5

and discretion to determine how to proceed with these claims. *Sadowsky*, 639 F. Supp. 2d at 352 ("The statute clearly envisions a degree of discretion, and the FHFA's intentions [whether to maintain the claims] do not affect its standing or the Trust's lack thereof."). The FHFA attorneys' presence on the SLC demonstrates that the Conservator took the SLC's role very seriously in exercising its duty to investigate the claims at issue in this case. Moreover, as Sadowsky itself recognizes, the Conservator succeeded not only to the rights, titles, powers, and privileges of Freddie Mac and its shareholders, but also to Freddie Mac's board and to the SLC. Since the appointment of the Conservator, the SLC and its special outside counsel Hunton & Williams have been serving at the direction and under the supervision of the Conservator. The Conservator's involvement with the SLC in no way demonstrates a conflict of interest; it demonstrates the diligence of the reconstituted SLC in carrying out its statutory duties under Virginia law and the Conservator's obligations under HERA to act prudently in conserving and preserving the assets of Freddie Mac.

Significantly, as pointed out in the SLC Report submitted to this Court, even though the SLC found a substantial number of mistaken judgments or questionable decisions by Freddie Mac and its employees, officers, and directors, the SLC found no evidence that any individuals had engaged in willful misconduct or engaged in other conduct that would negate Freddie Mac's indemnification obligations to the named individuals. *See* Ex. A to Motion to Dismiss, 1-3.

### B. The Court Has Ruled that the Impermanence of the Conservatorship Does Not Affect the Conservator's Standing or Sadowsky's Lack Thereof

Sadowsky also asserts that dismissal supposedly is improper because the FHFA conservatorship is not permanent. Sadowsky surmises that because the conservatorship will end at some unknown point in the future, the Conservator's future standing is uncertain. On this basis, Sadowsky argues that its own ability to pursue these derivative claims should not be terminated.

6

Once again, Sadowsky's argument is a retread of its prior submissions to this Court. Sadowsky made the same claims when it opposed the Conservator's substitution as plaintiff, (*see* Doc. # 46, p.13; Doc. # 60, p. 16). After full briefing, this Court flatly rejected Sadowsky's position:

> The Trust objects that because Freddie Mac may emerge from Conservatorship at some future date, the FHFA would, upon that occurrence, lack standing to bring this suit. *This objection is purely speculative*. . . . No speculation as to Freddie Mac's future status is relevant in light of the FHFA's clear standing today.

*Sadowsky*, 639 F. Supp. 2d at 351 (emphasis added); *see also id*. at 350 ("Similarly unconvincing is the Trust's argument that the FHFA's powers as conservator, as opposed to receiver, are inadequate to gain full recovery."). Sadowsky's argument fares no better this time. Speculation as to the future status of the conservatorship is simply irrelevant to the Conservator's present standing and right to control these claims and determine, under the applicable statutes, whether their pursuit is in the best interests of Freddie Mac.

## III. The Conservator's Investigation Is Not "Incomplete"

In addition to repeating its previously unsuccessful arguments, Sadowsky also asserts that dismissal is not warranted because Sadowsky supposedly believes that the Conservator's investigation is not complete. Though the SLC Report describes the expansive breadth of the Conservator's investigation – 46 interviews conducted and 52.4 million pages of documents reviewed – Sadowsky seizes upon the Report's notation that, due to other ongoing government investigations, the Conservator was unable to conduct interviews of four former Freddie Mac officers. *See* Ex. 1 to Motion to Dismiss, p.32 n.1. Sadowsky fails to acknowledge, however, that the Conservator has requested dismissal without prejudice. *Id*. If the Conservator later discovers facts that would indicate pursuit of these claims is in the best interests of Freddie Mac, dismissal without prejudice would permit the Conservator to pursue the claims.

In any event, Sadowsky's argument stems from the faulty premise that it – not the Conservator – knows how best to investigate these claims and do what it is in the best interests of Freddie Mac. As this Court and other have already recognized, Congress expressly vested in the Conservator the *sole* discretion of how best to preserve and conserve the assets of Freddie Mac. *Sadowsky*, 639 F. Supp. 2d at 350-52; *In re Fannie Mae*, 629 F. Supp. 2d at 3-4; *In re Freddie Mac*, 643 F. Supp. 2d at 795-99; *Louisiana Municipal Police ERS*, 2011 WL 1691998 at *3; *see also* 12 U.S.C. § 4617(b)(2)(B)(iv); § 4617(b)(2)(J)(ii).

Further, Congress protected the exercise of that discretion with the jurisdictional bar of 12 U.S.C.§ 4617(f), which provides that "no court may take any action to restrain or affect the exercise of powers or functions of the Agency as a conservator." This Court – like the other courts reaching this issue – has already held that Sadowsky's ongoing presence in this suit would violate Section 4617(f): "Here, the suit brought by the Trust would interfere with and potentially usurp precisely the powers granted to the FHFA by HERA." *Sadowsky*, 639 F. Supp. 2d at 351; *see also In re Fannie Mae*, 629 F. Supp. 2d at 4 n.4 ("Indeed, allowing plaintiffs to continue to pursue derivative claims independent of FHFA would require this Court to take action that would 'restrain or affect' FHFA's discretion, which HERA explicitly prohibits."); *In re Freddie Mac*, 643 F. Supp. 2d at 799 ("[T]he Court finds that allowing the plaintiffs to remain in this action would violate § 4617(f) as well."). Here, Sadowsky's second-guessing of the Conservator's investigative methods represents precisely the type of interference this Court has already held is barred by Section 4617(f).

**IV.    Sadowsky's Request for Discovery Should Be Rejected**

For all of the foregoing reasons, Sadowsky's request for discovery should be denied. Sadowsky is not a party to this matter and has no right to take discovery. *See* Fed. R. Civ. P. 26(b) (providing that "*Parties* may obtain discovery…") (emphasis added). Further, there is no

discovery that could be justified here. This Court has already determined, as a matter of law, that the Conservator does not have a conflict of interest that would preclude it from controlling these claims. *Sadowsky*, 639 F. Supp. 2d at 351. This Court has also determined, as a matter of law, that Sadowsky lacks standing to pursue these claims, regardless of whether the Conservator elects to pursue these claims itself. *Id.* at 351-52. In light of these determinations, there are simply no facts Sadowsky could discover that could create a conflict or confer standing upon Sadowsky to pursue these claims. Moreover, permitting Sadowsky to subject the Conservator to discovery in these circumstances would constitute a manifest interference with the Conservator's powers and functions that is plainly barred by Section 4617(f). *See id.* at 350-51.

Dated: May 23, 2011

Respectfully Submitted,

ARNOLD & PORTER LLP

By: /s/ Kent A. Yalowitz
Kent A. Yalowitz
399 Park Avenue
New York, NY 10022-4690
Telephone: (212) 715-1000
Facsimile: (212) 715-1399
*kent.yalowitz@aporter.com*

-and-

Howard N. Cayne
David B. Bergman
555 Twelfth Street, N.W.
Washington, DC 20004
Telephone: (202) 942-5000
Facsimile: (202) 942-5999
*howard.cayne@aporter.com*
*david.bergman@aporter.com*

*Counsel for Federal Housing Finance Agency, Conservator for the Federal Home Loan Mortgage Corporation*

*Of Counsel*:

Stephen E. Hart
FEDERAL HOUSING FINANCE AGENCY
1700 G Street NW
Washington, DC 20552
Telephone: (202) 414-3800